THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Morris Tyler, Appellant.
 
 
 

Appeal From Aiken County
 William P. Keesley, Circuit Court Judge

Unpublished Opinion No. 2004-UP-063
 Submitted January 12, 2004  Filed February 
 4, 2004

AFFIRMED

 
 
 
 Brian Austin Katonak, of Aiken, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney 
 General John W. McIntosh, Assistant Deputy Attorney General Charles H. Richardson, 
 Assistant Attorney General Deborah R. J. Shupe, all of Columbia; and Solicitor 
 Barbara R. Morgan, of Aiken, for Respondent.
 
 
 

PER CURIAM:  Morris Tyler was convicted 
 of four counts of second-degree criminal sexual conduct (CSC) with a minor.  
 On appeal, he asserts the circuit court erred in quashing a subpoena he served 
 on the Department of Social Services (DSS) and in failing to grant his motion 
 for a directed verdict.  We affirm.
FACTS
In May 2001, Tyler was indicted on four charges 
 of second-degree CSC with a minor occurring in August and November 2000.  The 
 victim of these crimes was a family member (the victim).  As part of his defense, 
 Tyler issued a subpoena to DSS seeking all documents and records regarding 
 the victim.  DSS moved to quash the subpoena, contending disclosure of the requested 
 records was prohibited under South Carolina law.  
During a hearing on the matter on January 11, 2002, 
 DSS informed the circuit court that the only file regarding the victim was opened 
 against the victims mother for possible neglect, but it was determined to be 
 a Category I unfounded case.  DSS also indicated that, but for agency delay, 
 the file already would have been destroyed in accordance with statutory procedures.  
 The circuit court quashed the subpoena, ruling the applicable statutes barred 
 disclosure of the records because Tyler was not the subject of the DSS investigation.  
A jury trial was subsequently held on the four 
 CSC counts.  Tyler was convicted as charged and sentenced to life in prison 
 without parole.  
LAW/ANALYSIS
I.  Subpoena for DSS File
Tyler contends the circuit court erred in quashing 
 the subpoena because he was entitled to the DSS file even if he was not the 
 subject of the investigation; moreover, he asserts the courts failure to conduct 
 an in camera review of the file violated his due process rights.  
 We disagree.
The South Carolina Code sets forth procedures for 
 handling reports of suspected child abuse or neglect. [1]   Section 20-7-650 requires DSS 
 to investigate a report of suspected child abuse or neglect to determine whether 
 the report is indicated or unfounded.  S.C. Code Ann. § 20-7-650(C) (Supp. 
 2001).  All unfounded cases must be classified as either Category I, II, or 
 III.  Id. § 20-7-650(G).  Category I represents unfounded reports in 
 which abuse and neglect were ruled out following the investigation.  Id. § 20-7-650(G)(1).  
The file that Tyler wanted was determined to be 
 a Category I unfounded report, the disclosure of which is governed by section 
 20-7-695, which provides in relevant part as follows:
(B)  The alleged perpetrator in an unfounded report who 
 has reason to believe that the report was made maliciously or in bad faith has 
 the right to request in writing that records of the report be retained by 
 the department for up to two years from the date of the case decision.  The 
 written request must be received by the department within thirty days of the 
 persons receiving notice of the case decision.  A person exercising this 
 right may request a copy of the record of the unfounded case and the department 
 shall provide a copy of the record . . . .
. . . .
(D)  An alleged perpetrator in an unfounded case who 
 believes the report was made maliciously or in bad faith may petition the family 
 court to determine whether there is probable cause to believe that the reporter 
 acted maliciously or in bad faith.  The court shall determine probable cause 
 based on an in camera review of the case record and oral or written argument, 
 or both.  If the court finds probable cause, the identity of the reporter 
 must be disclosed to the moving party.
(E)  Notwithstanding other provisions of the law affecting 
 confidentiality of child protective services records and use and disclosure 
 of records of unfounded cases, a court conducting civil or criminal proceedings 
 resulting from disclosures authorized by this section may order the department 
 to release the record to any party to the case or to law enforcement.
Id. § 20-7-695 (emphasis added).
Based on the foregoing, it is clear that the file 
 of an unfounded report may be released only to the alleged perpetrator who is 
 the subject of the investigation.  In this case, the subject of the investigation 
 was the victims mother, not Tyler.  Thus, in the absence of a written request 
 from her, the file could not be disclosed.  An in camera review 
 of the report by the family court would have been necessary only if the subject 
 of the report had timely sought a determination of probable cause.  See id. § 20-7-695(D).  
Further, Tyler is not entitled to the 
 file under section 20-7-695(E) because the criminal proceeding against him did 
 not result from disclosures authorized by this section.  Rather, the criminal 
 charges resulted from law enforcements investigation of his conduct.  The proceedings 
 referred to in section 20-7-695(E) concern those initiated by the subject of 
 an unfounded report who believes the original report was made maliciously or 
 in bad faith.  Accordingly, the circuit court did not err in quashing the subpoena.
II.  Directed Verdict
Tyler next contends the circuit court 
 erred in denying his motion for a directed verdict.  We disagree.
A defendant is entitled to a directed 
 verdict when the State fails to present evidence of all of the elements of a 
 criminal offense.  See, e.g., State v. McHoney, 344 S.C. 85, 544 
 S.E.2d 30 (2001).  In ruling on a directed verdict motion, the trial court is 
 concerned only with the existence of evidence, not its weight.  State v. 
 Gaster, 349 S.C. 545, 564 S.E.2d 87 (2002).  
On appeal from the denial of a directed verdict 
 motion, an appellate court must view the evidence in the light most favorable 
 to the State, and if there is any direct evidence or any substantial circumstantial 
 evidence reasonably tending to prove the guilt of the accused, we must find 
 the matter was properly presented to a jury.  McHoney, 344 S.C. at 97, 
 544 S.E.2d at 36.
In the current case, the victim testified 
 in detail regarding the four incidents of sexual molestation.  Moreover, her 
 testimony was corroborated by the testimony of her mother, school officials, 
 a desk clerk from the hotel where Tyler took the victim, and an investigating 
 officer from the Aiken County Sheriffs Office.
Tyler improperly asks us to evaluate the weight 
 of the evidence presented at trial, which is not the proper standard for submission 
 of the matter to the jury.  We hold the circuit court properly found there was 
 sufficient evidence to create a jury question as to Tylers guilt or innocence.  
 Consequently, the circuit court committed no error in denying Tylers motion 
 for a directed verdict.
AFFIRMED.
GOOLSBY and ANDERSON, JJ., and CURETON, A.J., 
 concur.

 [1]   Citations are to the statutes in effect at the time of the hearing 
 since the legislature subsequently amended some of these provisions.  See 2002 Act No. 325, § 5, effective June 7, 2002.  The amendments do not affect 
 our result.